# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DEREK HEWITT and DONNA HEWITT,

        Plaintiffs,

v.                                    Case No. 6:13-cv-300-Orl-37KRS

SUNTRUST MORTGAGE, INC.,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant's Motion to Dismiss and for Award of Attorney's Fees (Doc. 3), filed February 20, 2013; and

2. Plaintiffs' Response to Defendant's Motion to Dismiss Complaint (Doc. 7), filed March 1, 2013.

Upon consideration, the Court hereby denies Defendant's motion and orders the parties to show cause why this case should not be stayed, as set forth below.

## BACKGROUND[1]

Plaintiffs owned a residential property in Altamonte Springs, Florida. (Doc. 2, ¶ 4.) Plaintiff Derek Hewitt quitclaimed the property as part of a business venture to Justin D. Yunag, who altered the deed and then quitclaimed the property to Alicia Yunag. (*Id.* ¶¶ 6–9.) Alicia Yunag obtained a loan on the property from Defendant. (*Id.* ¶ 10.) This loan was sold to Fannie Mae, though Defendant remained the servicer. (*Id.*

---

[1] These factual allegations, taken from the Complaint (Doc. 2), are considered true for the purposes of the instant motion. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court does not make findings of fact at this time.

¶ 11.) Plaintiffs advised both Defendant and Fannie Mae that the loan to Yunag had been procured through fraud. (*Id.* ¶¶ 12, 14.) Fannie Mae subsequently required Defendant to repurchase the loan. (*Id.* ¶ 15.)

Defendant "continuously" told Plaintiffs that if payments were not timely made on the loan, Defendant would foreclose on the property. (*Id.* ¶ 16.) Between February 2008 and February 2011, Plaintiffs made payments to Defendant totaling $101,357.80 "out of fear" that Defendant would foreclose if they did not do so. (*Id.* ¶ 17.)

Plaintiffs eventually stopped making payments and Defendant commenced a foreclosure action in state court. (*Id.* ¶¶ 20–21.) The state court ruled that the mortgage was void and unenforceable. (*Id.* ¶ 22.)

Plaintiffs requested that Defendant return the payments they made, but Defendant refused to do so. (*Id.* at ¶ 23–24.) Plaintiffs then brought this suit for civil theft and conversion. (Doc. 2.) Defendant moved to dismiss. (Doc. 3.) Plaintiffs opposed. (Doc. 7.)

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321

2

F.3d 1334, 1335 (11th Cir. 2003).

## DISCUSSION

**1. Failure to State a Claim**

To state a claim for civil theft, Plaintiffs must allege that Defendant knowingly obtained Plaintiffs' property with felonious intent to deprive Plaintiffs, either temporarily or permanently, of their right to the property. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009). To state a claim for conversion, Plaintiffs must allege that they possessed or had an immediate right to possess specific and identifiable money which was subject to an unauthorized deprivation, and that Plaintiffs demanded that Defendant return the money but Defendant refused. *United States v. Bailey*, 288 F. Supp. 1261, 1264 (M.D. Fla. 2003).

Defendant argues that Plaintiffs' pleading is deficient for three reasons: (1) Plaintiffs made payments to Defendant voluntarily and thus did not have an immediate right to possess the money, as required for both claims; (2) the money at issue is not specifically identifiable, as required for both claims; and (3) Plaintiffs fail to allege criminal intent, as required for the civil theft claim. (Doc. 3.)

**a. Voluntariness**

"Under Florida law, a plaintiff in an action for conversion or civil theft must establish possession or an immediate right to possession of the converted property at the time of the conversion." *United States v. Bailey*, 419 F.3d 1208, 1212 (11th Cir. 2005). Defendant argues that because Plaintiffs made the payments voluntarily, they had no right to possess the money. (Doc. 3, pp. 5–9.)

"It is a well-recognized rule that money voluntarily paid under a claim of right to the payment, and with knowledge of the facts by the person making the payment,

3

cannot be recovered back . . . ." *Sanchez v. Time Warner, Inc.*, No. 98-211-CIV-T-26A, 1998 WL 834345, at *2 (M.D. Fla. Nov. 4, 1998) (quoting *McMullen v. Inland Realty Corp.*, 152 So. 749, 742 (Fla. 1933)) (internal quotation marks omitted). However, if Plaintiffs made the payments under duress, then they cannot be said to have made the payments voluntarily. *See City of Miami v. Kory*, 394 So. 2d 494, 497 (Fla. 3d DCA 1981). One acts under duress when one does not exercise one's free will as a result of the opposing party's coercive conduct. *Id.*

Here, Plaintiffs allege that Defendant "continuously advised" them that the property would be foreclosed upon if payments were not made, and that they made the payments "out of fear that the Defendant would foreclose if they did not do so." (Doc. 2, ¶¶ 16–17.) If Defendant had no right to foreclose upon the property as Plaintiffs allege (*id.* ¶ 22), then Plaintiffs' allegation that they made the payments out of fear is enough to plead duress. *See Spillers v. Five Points Guar. Bank*, 335 So. 2d 851, 852 (Fla. 1st DCA 1976) ("While it is true that threats to enforce legal rights may constitute duress under certain circumstances, they do not constitute duress when the threat is to enforce existent legal rights. Duress would only occur when the threatened enforcement is to enforce rights which in fact are nonexistent."); *see also, e.g.*, *Leeper v. Beltrami*, 53 Cal. 2d 195, 203–05 (Cal. 1959) (finding that plaintiffs alleged sufficient facts to show duress where the party threatening to foreclose a mortgage knew that the claim for foreclosure was false).[2] As such, Plaintiffs' claims are not due to be dismissed on voluntariness grounds.

---

[2] Defendant also argues that Plaintiffs did not make the payments under protest. (Doc. 3, pp. 8–9.) This argument is not well-taken as Plaintiffs allege that they told Defendant "on numerous occasions" that the mortgage was invalid because it was procured through fraud. (Doc. 2, ¶ 12.)

### b. Specifically Identifiable Money

Both the civil theft and conversion claims require that the funds sought by Plaintiffs be specifically identifiable. *Mazza v. Rose Media Grp., Inc.*, 937 So. 2d 307, 310 (Fla. 4th DCA 2006); *United States v. Bailey*, 288 F. Supp. 1261, 1264 (M.D. Fla. 2003). Defendant argues that Plaintiffs "are not seeking damages for conversion of specific, identifiable money" and that the claims must therefore fail. (Doc. 3, pp. 9–10.) "To be a proper subject of conversion each coin or bill need not be earmarked, but there must be an obligation to keep intact or deliver the specific money in question, so that such money can be identified." *Bedford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970) (citation omitted).

Here, Plaintiffs allege that they made monthly payments of $2739.40 on the loan for three years. (Doc. 2, ¶ 17.) Construed in the light most favorable to Plaintiffs, the Court is satisfied that Plaintiffs sufficiently allege that the money they seek is specific and identifiable. *See Eagle v. Benefield-Chappell, Inc.*, 476 So. 2d 716, 718 (Fla. 4th DCA 1985) (concluding that deposits were capable of identification when they were delivered to be used for an express and specific purpose); *In re Energy Smart, Inc.*, 381 B.R. 359, 378 (Bankr. M.D. Fla. 2007) (stating that payments of particular amounts for invoices were specific and identifiable funds); *Zinn v. Zinn*, 549 So. 2d 1141, 1142 (Fla. 3d DCA 1989) (determining that misused investment funds constituted identifiable property); *Republic of Haiti v. Crown Charter, Inc.*, 667 F. Supp. 839 845–46 (S.D. Fla. 1987) (stating that checks and wire transfers could be identifiable). As such, the claims are not due to be dismissed on this ground. If upon later discovery the facts show that the money is not specific and identifiable, Defendant may raise that issue at the summary judgment stage.

### c. Criminal Intent

Defendant argues that Plaintiffs "fail to allege any facts supporting any criminal intent to steal, which is an element for a civil theft claim." (Doc. 3, p. 10.) Allegations that a defendant "made willful false representations with the intent to deprive [the plaintiffs] of their property, that [the defendant] had no legal right to the property, and that these actions were done in violation of [Florida's criminal theft statute]" are sufficient to allege felonious intent. *Gordon v. Omni Equities, Inc.*, 605 So. 2d 538, 541 (Fla. 1st DCA 1992).

Construed in the light most favorable to Plaintiffs, the Court finds that Plaintiffs allege that Defendant knew that the mortgage was invalid because Plaintiffs told Defendant about the fraud and because Fannie Mae required Defendant to repurchase the loan based on evidence of fraud. (Doc. 2, ¶¶ 12, 15.) Despite this alleged knowledge that the mortgage was invalid, Defendant allegedly represented that if loan payments were not made it would foreclose on the property (*id.* ¶ 16), as if the mortgage were valid. Plaintiffs also allege that Defendant "willfully and wantonly refused to return the monies." (*Id.* ¶ 24.) The Court finds these allegations sufficient to move the civil theft claim across the plausibility threshold required by *Twombly* and *Iqbal*. As such, the civil theft claim is not due to be dismissed. Whether Defendant in fact acted with felonious intent remains to be tested at the summary judgment stage.[3]

---

[3] The identifiableness of the money and whether Defendant acted with criminal intent are not elements of a cause of action for "money had and received," which might be more congruent with the facts of this case. *See Deco Purchasing & Distrib. Co. v. Panzirer*, 450 So. 2d 1274, 1275 (Fla. 5th DCA 1984) ("[A]n action may, in general, be maintained whenever one has money in his hands belonging to another which in equity and good conscience, he ought to pay over to that other."). However, Plaintiffs have not asserted that claim.

**2. Attorney's Fees**

Defendant also moves for attorney's fees (Doc. 3, p. 11) pursuant to Florida's civil theft statute, which provides, "The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support." Fla. Stat. § 772.11. Whether Plaintiffs' claim lacks legal and factual support cannot be determined at this time. As such, Defendant's request for attorney's fees is hereby denied without prejudice.

**3. Appropriateness of a Stay**

Defendant represents that the state court's order finding the mortgage invalid is currently on appeal. (Doc. 3, p. 3 & n.3.) The validity or invalidity of the mortgage may affect the claims presented in this case. Therefore, on or before April 22, 2013, each party is hereby ordered to show cause why this case should not be stayed pending resolution of the state court proceedings via a response of no more than five (5) pages.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss and for Award of Attorney's Fees (Doc. 3) is **DENIED**.

2. On or before April 23, 2013, each party is **ORDERED** to show cause why this case should not be stayed pending resolution of the state court proceedings via a response of no more than five (5) pages.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 16, 2013.

7

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record